Taylor, Chief-Justice.
 

 — The two questions presented for decision by this record, are not of very easy solution, and the labour and difficulty have been increased by the want of Counsel to argue them, and the absence of all reference to authorities.
 

 The first question is, whether the bequest to
 
 D J. White,
 
 of a likely negro boy, between eight and ten y ears old ; and the bequest to «fl.
 
 J. Colvin,
 
 of a likely girl between four and five years, be specific or general legacies j for it is too clear to require a moment’s examination, that the legacies of slaves to the other legatees are all specific.
 

 The other question is, whether, if they should prove to be general legacies, the specific legatees are liable to abate pro rate, for the purpose of making them good,
 
 *89
 
 in Hip case which has occurred of a deficiency of assets to purchase them.
 

 0<¡ the first question, the familiar definition of a soe-cific legacy, in which all the writers concur, is, that il is the bequest of a particular thing, distinguish* ed from all other things of the same kind- — as of any chattel that would vest immediately upon the assent of the executor. Heneé, m¡.ney may be a specific legacy, if properly described, as a sum of money deposited in a chest or bag, or in die hands of a particular person. But if a sum of money is bequeathed, to be laid out in the purchase of lands, or to be vested in particular securities, it is a mere pecuniary legacy ; for the legatee cannot, in that ease, sever that from the general fund, so as to establish a right to the identical sum in specie. And tilia he must be able to do, in order to make his legacy specific. Thus, in a hi quest of stock, if the tésta-lo» owned it at the time, it is specific ; more especially, if it can be collected from the will, that the testator intended to confine the bequest to the stock he had on hand at the time of his death. As if the legacy be of
 
 my
 
 stock, or part, of
 
 my
 
 stock, or in
 
 my
 
 stock.
 
 (Ashburner
 
 v.
 
 McGuire,
 
 2
 
 Brown's C. C.
 
 112.) But if a testator did n' t
 
 own
 
 the stock when he made his will, or died, hut directed it to be purchased out of his personal estate for particular persons; on the question whether these legacies were specific or pecuniary, it was held by the Court, that they were pecuniary.
 
 Gibbons Hall
 
 — 1
 
 Dicken's
 
 Rep. 324). If, in the case before os, there had been ne-groes belonging to the estate, of the ages describid in the will beyond those allotted to the specific legatees, which the executor might have delivered over to the Plaintiffs, without separating families, they wouid have been, without doubt, specific, although not particular chattels, specifically described and distinguished front all. other things of the same kind $ but comprehended
 
 *90
 
 víithin (lie second class of specific legacies, described bv
 
 Lord Hardwicke
 
 as sometióos: of a particular sue- “
 
 mj i
 
 * cies, which the. executor may satisfy, by delivering some" tiling of the same kind, as a horse, a ring, &c.
 
 (Purse
 
 v.
 
 Snaplin
 
 — 1
 
 Atk.
 
 415.)
 

 These authorities, and the reasoning extracted from them, lead me to the conclusion, that the legacies to the Plaintiffs, are general and pecuniary ; and here begins the real difficulty of this case, for it is a claim on the part of pecuniary legatees, to make specific legatees abate, upon a deficiency to ¡jay ttie first mentioned legacies ; whereas the commonly received opinion is, that the advantage ‘.pacific legatees have over pecuniary ones is, that they are not compellable to abate, upon a deficiency of assets to pay general legacies. This is the general rule (2
 
 Vesey
 
 56.) And upon first reading the case, it app-armi to me that the law was decidedly against the Plaintiffs. But upon a more attentive consideration of tiie will, and the situation of the estate, and upon an anxious search of the authorities, 1 think the Plaintiffs are entitled to what they ask.
 

 It was the manifest intention of the testatrix, that all the legatees should have their legacies, if the esrate was sufficient — they were all equally objects of her bounty | and if the specified legatees receive their respective shares in full, that intent, and thal bounty, will be frustrated. And what seems a conclusive proof of this, is, that she had bequeathed all her negroes to the specific legatees, so that from what she liad then bequeathed, the two slaves intended for the petitioners, must have been deducted, if it could have been done without separating
 
 families;
 
 fur so l understand the direction to her exe cutors. Circumstances might be such at tier death, thus two negroes of the description bequeathed to the petition ers, might be unconnected with family lies, by ihe deavL of their parents or otuers
 
 ;
 
 and m the occurrence of that
 
 *91
 
 state of things, they were to be allotted to tiie petitioners, from the negroes bequeathed. But if tiiat should not happen, they were to be purchased from the residuum of her estate.
 

 It does not appear, that the testatrix owned any thing but what she disposed of by her will. There is no proof that she was entitled to any real estate, nor that she had any reason to believe, that there would be a residuum of the personal estate,-after the payment of debts and legacies. On the contrary, the accounts exhibited by the executor shew, that he was, until a very late period, and even after the account was stated, in advance to the estate, to the amount of several hundred dollars. Unexpected circumstances have replaced his advances, except to an inconsiderable amount; but he is still a creditor.
 

 These views of the subject impress it forcibly on my mind, that it is essentially just and equitable, and in furtherance of the undoubted intention of the testatrix, that the petitioners should receive their legacies, or at least a rateable proportion of them with the other legatees; But this belief would not, for a moment, incline me t<r violatc or disregard any rule of law, to effect objects, however desirable. It could not he expected, that much authority could be brought to bear on a case, marked with such special circumstances ; hut I have found one, which appears to be entirely and fully applicable to this case,-the correctness of which has since been frequently-recognized by writers of established reputation, and tlio illustration it affords, adopted and applied to the establishment of that exception to the general rule, by which alone these petitioners could havereiief. “But if a man devises specific and pecuniary legacies,and afterwards says that such pecuniary legacies shall come out of all his personal estate, or words tantamount;
 
 or, if there is mother' personal estate than the specific legacies,
 
 they must be intended to he subject to the pecuniary legacies, otherwise
 
 *92
 
 he must mock the legatees.”
 
 (Sayer
 
 v.
 
 Sayer,
 
 — Prec.
 
 Chan.
 
 393.)
 

 A very accurate writer on the law of legacies, cites the case thus : “ A case may happen, in which specific “ legatees will be obliged to share, in favor of pecuniary
 
 ,e
 
 legatees. Suppose then, a person possessing a perso-<s nal estate at B and C only, bequeath it specifically to " D and E, and then gives a legacy to F, generally ; “the personal estate at B and C will be liable to the “ payment of this legacy, as there never was any other
 
 if
 
 fund, out of which F’s legacy could have been satisfied.” (1
 
 Roper on legacies,
 
 418.) The same case is cited by
 
 Ballow,
 
 in his Treaties on Equity, edited by
 
 Fonblanque,
 
 2
 
 vol. 377,
 
 and by
 
 Toller on Executors,
 
 226 and is nowhere, that I have discovered, doubted or denied.
 

 There never Was, in the case before us, any other fund, out of which the general legacies could be satisfied, ex* 'cept the specific bequests; and therefore, I think it applies strictly to this case. My opinion is in favor of the ¡Petitioners; and an account should be taken of the respective values of the specific and general legacies, and an account of the assets.
 

 Per Curiam.
 

 — Let the Master ascertain the value of the specific legacies — and of those to the Plaintiffs — and let him take an account of the assets not bequeathed.
 

 (£j* Upon the distinction between pecuniary and specific legacies, see the following cases:
 
 Bishop of Peterborough
 
 v.
 
 Mortlock,
 
 1
 
 Bro. C. C. 565.
 
 — Simons v.
 
 Vallance,
 
 4
 
 do. 345
 
 — Coleman v.
 
 Coleman,
 
 2
 
 Ves. jun. 639.
 
 — Roberts v.
 
 Pocock,
 
 4
 
 Ves. 150.
 
 — Kirby v.
 
 Potter, do.
 
 748. —
 
 Raymond
 
 v.
 
 Brodbelt,
 
 5
 
 Ves. 199
 
 — How v.
 
 Earl of Dartmouth,
 
 7
 
 Ves, 137.
 
 — Sibley v.
 
 Perry, do. 522.
 
 — Webster v.
 
 Hale,
 
 8
 
 Ves. 410.
 
 — Deane v.
 
 Test, 9 Ves. 146.
 
 — Wilson
 
 v Brownsmith, do. 180.
 
 — Lambert
 
 v. Lambert,
 
 11
 
 Ves. 607.
 
 — Gillaume v.
 
 Adderley,
 
 15
 
 Ves. 384.
 
 — Mann v. Cop
 
 land,
 
 2
 
 Maddock’s Rep. 223.
 
 — Page v.
 
 Leafingwell,
 
 18
 
 Ves. 463.
 
 — Par
 
 rot
 
 v,
 
 Worsfold,
 
 1
 
 Jac.
 
 &
 
 Walk. 574.
 
 — Smith v.
 
 Fitzgerald,
 
 3
 
 Ves.
 
 &
 
 Beame, 5.
 
 — Walton v.
 
 Walton,
 
 1
 
 Johns. C. C.
 
 258.